(67 South. 174)

No. 20975.

STATE v. MELTON.

In re MELTON.

(Jan. 11, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⬤⟹84 — JUVENILE COURT LAW.

In parishes to which the provisions of the Constitution relating to juvenile courts have not been extended, as thereby authorized, the criminal jurisdiction, as conferred upon other courts, by other articles of the Constitution, remains unaffected.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 115–124; Dec. Dig. ⬤⟹84.]

2. PROHIBITION ⬤⟹9—GROUNDS—JEOPARDY.

Where a court has unquestionable and unquestioned jurisdiction quoad a particular offense, prohibition will not lie to prevent its exercise, upon the complaint that the defendant may thereafter be brought to trial upon another pending charge, and thus placed twice in jeopardy.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 35; Dec. Dig. ⬤⟹9.]

Lee Melton was charged with willfully assaulting, beating, and wounding another, and applies for a writ of prohibition to restrain the judge of the district court from trying him. Application dismissed.

Gresham & Oglesby and W. M. Wallace, all of Winnfield, for applicant. R. G. Pleasant, Atty. Gen. (J. T. Long, Dist. Atty., of Winnfield, and G. A. Gondran, of New Orleans, of counsel), for the State.

MONROE, C. J. Relator asks that the judge of the district court for the parish of Winn be prohibited from trying him upon a charge of "willfully assaulting, beating, and wounding G. C. Gaar," upon the ground that there is pending against him another and later charge of "willfully, maliciously, with a dangerous weapon and with intent to kill" said Gaar, inflicting upon him a wound less than mayhem, and that he cannot legally be forced to trial upon the one charge while the other is pending, since both charges have arisen out of the same affair, and he might thereby be twice placed in jeopardy with respect thereto. He also alleges "that he is a minor, only 14 years old, and, under the law, cannot be tried, he being exempt from trial, under the juvenile act and laws of the state," etc.

[1, 2] It appears from the return of the judge, made respondent, that there is no incorporated town of more than 7,000 inhabitants in the parish of Winn, and that the police jury has never made application to the Governor to have the operation of the juvenile court law, as (now) contained in

article 118 of the Constitution of 1913, extended to that parish; and the offense first charged against relator, denounced by Act No. 107 of 1902, § 2, is therefore, under articles 109 and 116 of the Constitution, within the jurisdiction of the judge of the district court, sitting without a jury, whilst the latter and more serious charge, denounced by R. S. 794, is within the jurisdiction of the district court, sitting with a jury of five. The jurisdiction of the judge quoad the offense for which relator is about to be tried being unquestionable and unquestioned, save in the respect already considered, prohibition will not lie to prevent its exercise. If, upon being brought to trial upon the later charge, relator should consider that he is being placed twice in jeopardy, he may so plead, and invoke the ruling of the trial court, and, if dissatisfied therewith, may find a remedy, but this court cannot now anticipate what may then happen.

The staying order herein made is therefore rescinded, and this application is dismissed at the cost of relator.